---

(49 App. Div. 52.)

In re WEIL'S ESTATE.

(Supreme Court, Appellate Division, Second Department. March 28, 1900.)

TRUSTS—APPLICATION BY CESTUI QUE TRUST FOR SECURITY.

Under Code Civ. Proc. § 2815, giving any person, beneficially interested in the execution of a trust, the right to demand security of the trustee, when his circumstances are such that they do not afford adequate security to beneficiaries, a sole trustee under a will, to whom is devised property valued at nearly $3,000,000, to hold for life, and until the trustee's youngest grandchild becomes of age, for the use and benefit of the children of the testator and their heirs, will not be required to give security for the

performance of the trust, because of the risk to which the interests of the beneficiaries are subjected by reasons of the provisions of the will, and the fact that the trustee is worth only about $100,000.

Appeal from surrogate's court, Kings county.

Application by Celia F. Wiley and Julia Shaw to require Thomas G. Field to give security for the performance of his duties as trustee under the will of Henry Weil, deceased. From an order of the surrogate denying the application, the petitioners appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Robert E. Deyo, for appellants.
John L. Cadwalader, for respondent testamentary trustee.
William N. Dykman, for other respondents.

WILLARD BARTLETT, J. This is an application, under section 2815 of the Code of Civil Procedure, to compel a testamentary trustee to give security for the performance of his trust, on the ground that his circumstances are such that they do not afford adequate security to the persons interested in the estate for its due administration. The trust estate is a large one, comprising between $1,000,000 and $2,000,000 worth of realty, and from $700,000 to $800,000 of personal property. The trust arises under the will of Henry Weil, who died in 1898, leaving four daughters, namely: (1) Mrs. Caroline W. Field, who has two grandchildren living, both of whom are infants; (2) Mrs. Celia F. Wiley, who has an infant daughter living; (3) Mrs. Julia Shaw, who has no children; and (4) Mrs. Sarah Butler (now Kathan), who has one son. After making several small gifts and three conditional bequests, aggregating $350,000, to his sons-in-law Thorne Shaw, Thomas G. Field, and Thomas Wiley, the testator devises and bequeaths his residuary estate in trust to his son-in-law Thomas G. Field, as executor and trustee, during the lifetime of said Thomas G. Field, and until the youngest grandchild of Mrs. Caroline W. Field shall arrive at the age of 21 years. During the existence of the trust, the income is to be divided equally among the testator's four daughters. Upon the termination of the trust, the estate is to be divided equally among the testator's children then living and the issue of any deceased child who shall have died leaving issue. Upon the death of the son-in-law Thomas G. Field, who is named in the will as executor and trustee, the testator authorizes another son-in-law, Dr. Thorne Shaw, to nominate a successor to the said Thomas G. Field in the trust. The ninth numbered paragraph of the will is in these words:

"I hereby direct that said Thomas G. Field be allowed and paid for all his services and duties under this will the sum of five thousand (5,000) dollars per annum in lieu of all legal commissions, fees, and charges to be rendered under this will; upon condition, however, that he gives up his business as a broker, and devotes all his time to the duties under this will. And said Field shall be, and is hereby, authorized, at the expense of my residuary estate, during his trusteeship, to rent an office, and hire a boy to attend the same. Any successor to my said executor and trustee shall be paid the same sum per annum as above allowed to said Field for such services, and such salary shall be in lieu of all charges and commissions as such trustee in carrying out the provisions of this will."

Mr. Field, the present trustee, is about 49 years of age. From the time of his marriage to the testator's daughter Caroline, in 1869, until the testator's death, in 1898, he was successfully engaged in the business of a stockbroker, being a member of the Consolidated Exchange in the city of New York, where he acquired an extensive experience in dealing in stocks, bonds, and investment securities. He swears that prior to Mr. Weil's death he was possessed of property to the value of $100,000 or thereabouts, and that he is now worth in excess of that sum, over and above all his debts and liabilities. He has given up his own business, and devotes all his time to the management of the trust estate, as required by the will. No misconduct or negligence on the part of the trustee is charged or suggested, but two of the testator's daughters seek by this proceeding to compel him to give security for the due administration of his trust, by procuring a surety company to execute a bond in his behalf.

To justify the exaction of security from a testamentary trustee, under section 2815 of the Code of Civil Procedure, some fact must be shown "the existence of which, if it was interposed as an objection to granting letters testamentary to a person named as executor in a will, would make it necessary for such a person to give security, in order to entitle himself to letters." Referring to section 2638, we find that a person named as executor in a will may entitle himself to letters testamentary by giving a bond, in spite of the establishment of the objection that he is a nonresident, or that "his circumstances are such that they do not afford adequate security to the creditors or persons interested in the estate for the due administration of the estate." The latter objection is the only one urged here, and in relying upon it the appellants are obliged to contend that the circumstances to which the statute refers are not limited to pecuniary circumstances. The papers disclose nothing in the financial condition of the trustee to give rise to any doubt as to his fitness or capacity. In order to be a competent trustee, the law has never required that a man's wealth should be commensurate with the amount of property intrusted to his care. So far as pecuniary circumstances are concerned, Mr. Field fulfills every essential condition of his position. But the appellants insist that letters testamentary may be withheld from an executor (and hence that a testamentary trustee may be compelled to give security) on account of the situation in which the executor or trustee is placed by the will itself. Thus they say: "If the circumstances surrounding this trustee as created by the will show that there is great risk to the beneficiaries, even though the trust be faithfully executed by the trustee so far as he has power to do so, security should be required." Their argument on this point is really a criticism upon the will as an unwise and improvident disposition of the property of their testator. We are told that the trustee stands alone; that he is not required to submit any proposed course of action to the judgment of another trustee; that under the terms of the trust there must be a period when the estate will be without a legal custodian; and that the terms of the trust show that it was erected solely to confer a personal benefit upon the trustee. All these objections indicate

that the appellants think they could have made a better will for their father than he made for himself, but they do not tend in the least to show that the trustee, in whom the testator manifestly reposed the utmost confidence, should be required to associate with himself a surety company as a co-trustee. Such, however, is the practical result which is sought to be accomplished in the present proceeding, and would be the virtual effect of the order desired by the appellants. To grant such an order would be to interfere with the testator's selection of the custodian of his property, in the absence of any sufficient reason to doubt the ability or intent of the trustee to carry out the testator's wishes as expressed in his will. I think the surrogate was right in denying the application.

Order of the surrogate's court of Kings county affirmed, with $10 costs and disbursements, to be paid out of the estate. All concur.